HULL & JULIUS v. THE DISTRICT TOWNSHIP OF PLEASANT VALLEY.

1. **Estoppel:** REVERSAL OF JUDGMENT: SERVICES. In an action between two district townships, respecting their jurisdiction over a territory which, in one of them, constituted a sub-district, the District Court rendered a decree in favor of the latter. Pending an appeal to the Supreme Court it assumed control of the territory, collected taxes therein and employed a teacher therefor. The Supreme Court having reversed the judgment below, it was *held*, that the township which had obtained the services of the teacher, under claim of authority to do so, was estopped to deny its liability therefor.

*Appeal from Webster Circuit Court.*

MONDAY, OCTOBER 25.

ACTION upon a warrant drawn by the proper officers of defendant upon its treasurer. The cause was submitted to the Circuit Court upon an agreed statement of facts, and judgment rendered for plaintiff. Defendant appeals.

*Botsford & Yeoman,* for appellant.

All persons are bound to take notice of the authority conferred by law upon the officers of a municipal corporation, and are presumed to make contracts with them with reference to such authority. (*Loker v. Brookline,* 13 Pick., 343; Dill. on Corp., § 372.) All must know at their peril, that the acts of the agent of a corporation are within his power. (Dill. on Corp., § 419.) An unauthorized contract made by the officers and agents of a corporation cannot be ratified by subsequent acts. (Dill. on Corp., p. 385; *Peterson v. Mayor of New York,* 20 N. Y., 449.) If the contract was not within the powers of the officers, the fact that they made it under color of authority would impose no corporate liability. (*Baltimore v. Echback,* 18 Md., 276; *Mitchell v. Rockland,* 52 Me., 118.)

*J. D. Springer,* for appellee.

The fact that the contract was made while the decree of the District Court stood unreversed, estops defendant to deny its

liability. (*Lucas v. Hart*, 5 Iowa, 415; 2 Pars. on Con., 792-3-4.) The doctrine of estoppel applies to municipal corporations. (*Hale v. Union etc. Ins. Co.*, 32 N. H., 295.) The burden of disproving liability is upon the defendant.

BECK, J.—In 1871, the board of supervisors of Webster county organized a civil township, composed of congressional townships, 89, range 27, and 88, range 28, the first named having been a part of the territory of the independent school district of Ft. Dodge. In the same year a suit was instituted by the District Township of Pleasant Valley, the defendant herein, against the District Tp. of Ft. Dodge, involving the rights of the respective districts to jurisdiction and control over township 89, range 27, which was a part of the civil township of Pleasant Valley, under its organization by the board of supervisors. The District Court wherein the cause was prosecuted determined the case in favor of the District Tp. of Pleasant Valley, and a decree was entered, declaring that the territory in dispute was rightfully within its jurisdiction. Under this decree defendant assumed full control of the territory, levied and collected taxes therein, and maintained a school in the sub-district covering it. The warrant in suit was issued to a teacher employed by defendant, who taught in such subdistrict in 1872, after the decision in the action above referred to. In 1873, the cause having been appealed to this court, the judgment of the District Court was reversed.

Defendant now insists that it is not liable upon the warrant, upon the ground that it is without consideration, and was executed in excess of its authority.

I. It is difficult to understand upon what ground it can be claimed that the warrant is void for want of consideration. The services for which it was given were rendered under a contract entered into by defendant. If it should be held that such contract was void, because made by defendant without authority, it nevertheless would not follow that it was not based upon a sufficient consideration. The contract would be defeated, not for want of a consideration, but because defendant was not bound by the illegal act of its officers.

II. At the time the contract was made with the teacher, the services were rendered by him, and the warrant was executed, the defendant claimed jurisdiction over the disputed territory, under the decree of the District Court; it collected taxes, maintained schools, and performed all other acts pertaining to the duties and powers of a district township under its claim of jurisdiction. The services for which the warrant in suit was executed were rendered, and the warrant accepted in payment therefor, while defendant was setting up this claim, and the decree of the district court under which the claim was made, remained unreversed. Surely, defendant having obtained the services under such a claim of authority, is now estopped to deny its liability to pay for them. It is no answer to this position to say that the claim was based upon a mistaken understanding of the law, that the teacher shared with the officers of defendant in this mistake, and therefore no liability arises upon the contract. The teacher found defendant exercising jurisdiction over the disputed territory, under a claim based upon the decree of a court of competent jurisdiction. He was authorized to presume defendant's claim was lawful. He ought not to be made to suffer for the mistake of defendant.

The fact that the president of defendant, who signed the warrant, lived upon the disputed territory, gives no strength to the defense in this action. The defendant is now estopped to deny the organization, extent, and jurisdiction claimed by it when the contract was executed. It cannot, therefore, now claim that the officer was not legally empowered to execute the warrant.

AFFIRMED.